UNITED STATES DISTRICT COURT
WESTERN TEXAS DISTRICT
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| Larry R. Pierce, § § § Plaintiff, § § v. § § Plains All American GP LLC and Plains § Marketing LP, § § Defendant. § | Case No. 7:22-cv-00033 |

## ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Larry R. Pierce ("Pierce" or "Plaintiff") and files this, his Original Complaint and Jury Demand against Defendants Plains All American GP LLC ("Plains American") and Plains Marketing LP ("Plains Marketing")(collectively "Plains" or "Defendants") to redress certain grievances arising under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq,*. and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.*, In support thereof Plaintiff respectfully states as follows:

### I.   JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(4), 29 U.S.C. § 626 and 42 U.S.C. §12101 *et seq.*. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3. Plaintiff Pierce is an individual. He is a white male whose is over 40 years old. Pierce suffers from a serious medical condition called chronic obstructive pulmonary disease ("COPD"). COPD is a chronic inflammatory lung disease that causes obstructed airflow from the lungs. Symptoms include breathing difficulty, cough, mucus (sputum) production and wheezing.

4. Defendant Plains All American GP LLC is a foreign limited liability company and can be served with process through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218. Plains American is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

5. Defendant Plains Marketing LP is a Texas domestic limited partnership and can be served with process through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218. Plains Marketing is an "employer" within the meaning of 29 U.S.C. § 630(b) and TEX. LAB. CODE § 21.002(8).

## III. FACTUAL BACKGROUND

6. Pearce is a 64-year-old male. He was born in May 1957. Pierce has been a truck driver for most of his adult life and had been employed by Plains since November of 2013.

7. On January 8, 2021, Defendants terminated Pierce over the telephone from his job as a truck driver. Pierce was 63 at the time of his termination.

8. Pierce was terminated in his seventh year of employment within approximately one week of turning in a doctor note regarding his serious medical condition called COPD.

9. On December 31, 2020 Pierce turned in a doctor note stating that he could not wear a respirator because of his COPD medical condition. At the time he turned in the doctor note, he was placed on leave.

10. Then, on January 8, 2021, his supervisor, Luke Callendar, called Pierce and told him that Pierce was being terminated because he could not wear a respirator for truck H2S loads.[1] Mr. Callendar asked Pierce to come in and turn in his keys and his company tablet.

11. Pierce had sought medical treatment and diagnosis for his COPD in December of 2020 after an instance where he was wearing a positive pressure SCBA mask (called a respirator) during work and the device locked up on him because of his COPD.

12. Pierce's doctor evaluated him and determined that because of his COPD that he should not wear the SCBA mask at work and that Pierce should ask for an accommodation of not working H2S loads wherein the SCBA mask is necessary.

13. Prior to Plains terminating Pierce, but after he turned in his doctor's note, Pierce talked with his district manager, Lee Oliver, who expressed that he felt Pierce could be retained and simply not haul H2S loads.

14. Pierce told Mr. Oliver that he really wanted to do the work, and he could do the work, he just could not wear the SCBA mask and therefore needed to not haul H2S loads. Mr. Oliver told Pierce the decision was not his (e.g. Mr. Oliver's).

---

[1] Hydrogen sulfide ("H2S") is a hazardous gas that is found at some crude oil and natural gas locations. A truck run that deals with the chance of this gas on site is known in the trucking industry as an "H2S load".

15. Later, when Pierce went to turn in his keys and tablet, Pierce talked with Mr. Callendar who stated to Pierce that Pierce was one of the easiest employees to get along with and that he did a good job.

16. In Pierce's work with Plains, H2S loads only accounted for two or three of the approximately 80 to 90 loads per a month that Pierce would test and haul. Pierce would have been able to continue doing his job with the reasonable accommodation of being taken off H2S loads.

17. In Pierce's experience at work, Pierce was aware of the fact that the truck drivers who were assigned night loads were not required to wear the SCBA masks and they were not assigned to H2S loads. Pierce could have done night loads instead of being terminated.

18. Also, Pierce was aware of two drivers in Post, Texas who have COPD and who are not required to haul H2S loads.

19. Pierce was also aware of one driver in Lamesa, Texas who is not required to haul H2S loads because he is claustrophobic. That driver is a younger Hispanic male who upon information and belief is 20 or more years younger than Pierce.

20. Furthermore, the H2S loads were all worked as "buddy" loads where two drivers arrive in two trucks. Only one of the two drivers actually wears the SCBA mask and goes near a potentially hazardous site. The other driver acts as a "buddy" and is prepared to radio for help if anything goes wrong. Due to the extremely hazardous nature of H2S, if someone does succumb to H2S poisoning the buddy driver does not attempt to rescue them, and they are likely too badly injured to save at that point. The buddy driver is acting as a backup to call for help.

21. Pierce could have continued to work H2S loads if he had been allowed to act as the backup rather than being the driver required to wear the H2S related mask.

22. Pierce's COPD is a lifelong condition, and it impacts the major life function of breathing.

23. Pierce is still capable of doing the job of truck driving and Pierce could still do all of his job with the reasonable accommodation of not working certain loads wherein he would have been required to wear an SCBA mask because of his COPD. Other individuals within the company are not required to haul H2S loads and drivers who work at night are not required to haul any H2S loads.

24. Upon information and belief, other individuals without Pierce's medical condition, including at least one younger driver, have been treated better than Pierce and have been allowed to not wear the SCBA mask.

25. Defendants terminated Pierce because of his age, his disability, and perceived disability.

26. Defendants also failed to engage in the required good faith discussion regarding a reasonable accommodation for Pierce's disability.

27. Pierce timely filed an EEOC charge of discrimination for age and disabilities discrimination on February 11, 2021. Pierce filed an amended charge on February 25, 2021. Those charges were co-filed with the Texas Workforce Commission ("TWC"). Pierce has received a notice of right to sue letter from the EEOC that was dated December 23, 2021. This suit is being filed within 90 days of Pierce having received the Notice of Right to Sue Letter from the EEOC. Pierce has requested a notice of right to sue from the TWC.

### IV.     First Cause of Action – Disability Discrimination

28.     The above Paragraphs are hereby incorporated by reference as if fully set forth herein.

29.     Defendants' actions, including but not limited to Defendant's failure to take part in the required interactive process regarding a reasonable accommodation and the termination of Pierce were undertaken because of his disabilities and/or perceived disabilities.  These actions constituted a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, and as amended and the Texas Labor Code, Chapter 21.

30.     Due to Defendants' actions, including but not limited to Pierce's termination, he has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  Plaintiff seeks to be made whole for both past and future damages and he seeks any and all damages he may be allowed under the law.

31.     Plaintiff seeks any and all compensatory damages that may be allowed under the ADA and/or Chapter 21 of the Texas Labor Code.

32.     Defendants' actions referenced in the above Paragraphs were done with malice and/or reckless indifference, entitling Pierce to punitive damages under the ADA and Chapter 21 of the Texas Labor Code.  Plaintiff seeks any and all punitive damages he may be awarded under the law.

33.     To redress the injuries sustained by Pierce on account of Defendants' actions, he has retained the undersigned counsel to represent him in this action.  Pierce therefore seeks recovery of his reasonable attorneys' fees, experts' fees and costs.

## V.     Second Cause of Action – Age Discrimination

34.     Pierce realleges and incorporates the allegations contained in the above Paragraphs as if fully stated herein.

35.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and Texas Labor Code.

36.     Defendants' actions, including but not limited to the ultimate termination of Plaintiff, were undertaken because of Plaintiff's age.  These actions constitute a willful, continuing violation of the ADEA and Texas Labor Code.

37.     Due to Defendants' actions, including but not limited to Pierce's termination, he has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.  Plaintiff seeks to be made whole for both past and future damages and he seeks any and all damages he may be allowed under the law.

38.     Defendants' discriminatory actions were willful and malicious, thereby entitling Plaintiff to liquidated damages under 29 U.S.C. § 626 (b) and Plaintiff seeks the full award of liquidated damages under the ADA.

39.     Plaintiff seeks any and all compensatory and punitive damages he may be able to recover under Chapter 21 of the Texas Labor Code.

40.     Defendant's discriminatory actions have caused Plaintiff to retain the services of the undersigned counsel to pursue his rights in this action.  Plaintiff seeks his reasonable attorneys' fees, expert fees, and costs in this matter.   Plaintiff is entitled to attorneys' fees and costs of suit under 29 U.S.C. § 626 (b) and Chapter 21 of the Texas Labor Code.

Case 7:22-cv-00033   Document 1   Filed 02/17/22   Page 8 of 9

## VI. JURY DEMAND

41. Pierce demands a jury trial as to all claims so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendants be summoned to appear and answer, and that on final trial, judgment be granted against Defendants awarding Plaintiff the following:

a. Judgment against Defendants ordering Defendants to take such reasonable actions as may be necessary to remedy the effects of Defendants' violation of the ADA, ADEA, and Texas Labor Code;

b. Judgment against Defendants for Plaintiff's lost compensation and benefits, both back pay and front pay;

c. In the alternative to front pay, judgment against Defendants reinstating Plaintiff to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

d. Liquidated damages in the maximum allowed under the law;

e. Compensatory damages in the maximum allowed under the law;

f. Punitive damages in the maximum allowed under the law;

g. Pre-judgment interest at the appropriate legal rate on all amounts awarded;

h. Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

i. Judgment against Defendants for Plaintiff's reasonable attorneys' and experts' fees;

j. Appropriate declaratory and injunctive relief, including but not limited to sweeping and comprehensive relief to eradicate Defendants' practices of discrimination;

k. Plaintiff's costs of suit, including but not limited to expert witness fees, and;

l. Such other and further relief to which Plaintiff may justly be entitled.

Dated:  February 17, 2022

Respectfully submitted,

*/s/ Joseph H. Gillespie*
Joseph Gillespie, Esq.
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, Texas 75246
TX Bar: 24036636
Ph: 214-800-5111 | Fax: 214-838-0001
Email: joe@gillespiesanford.com
*Attorney for Plaintiff – Lead Counsel*